UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA VARDALAS MARAGHA ) <br> ) <br> Plaintiff, ) <br> ) No. 21 C 1547 <br> v. ) <br> ) Judge Sara L. Ellis <br> CITY OF CHICAGO, a municipal entity; ) <br> THOMAS J. DART, Sheriff, Cook County ) <br> Sheriff's Office, in his official capacity, only; ) <br> and DAVID O'NEAL BROWN, ) <br> Superintendent of the Chicago Police ) <br> Department, in his official capacity, only, ) <br> ) <br> Defendants. ) | |

**OPINION AND ORDER**

On March 19, 2017, Chicago Police Department ("CPD") officers stopped and detained Plaintiff Alexandra Vardalas Maragha on an outstanding arrest warrant. When processing her arrest, the officers insisted that Vardalas remove her hijab, which she wears in public pursuant to her Muslim practices and religious beliefs, for her booking photograph. Subsequently, while detained at the Cook County Jail, correctional officers refused to allow her to wear her hijab or cover her arms, again violating her religious beliefs. After her release, Vardalas brought this lawsuit against Defendants the City of Chicago, Thomas J. Dart in his official capacity as the Cook County Sheriff, and David O'Neal Brown in his official capacity as the CPD Superintendent. Vardalas alleges that Defendants violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and seeks both compensatory and injunctive relief.[1] Dart has filed a motion to dismiss Vardalas' complaint

---

[1] Vardalas has reached an agreement in principle with the City and Brown to settle the claims against them.

1

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] The Court finds that Vardalas has sufficiently stated an RLUIPA claim against Dart. But because she is no longer confined at the Cook County Jail, she may only obtain injunctive relief related to her request for expungement of the photographs taken when processing her at the Jail, with her remaining requests for injunctive relief moot.

## BACKGROUND[3]

Vardalas, a Muslim American woman, wears a hijab in public pursuant to her religious beliefs. According to the Islamic tradition, Muslim women wear a hijab, a headscarf that covers their head, hair, and neck, in public spaces and in the presence of males who are not within their immediate families. Muslim women also cover their arms in front of men who do not belong to their immediate families. Appearing in public or being photographed without a hijab or covered arms is considered a breach of the Islamic faith and can cause humiliation, particularly if the photographs are preserved or disseminated. As of March 2017, Vardalas had not appeared in public without her hijab in over fifteen years.

On March 19, 2017, CPD officers stopped Vardalas on her way home. The officers ran her driver's license and registration and discovered that she had an outstanding arrest warrant for a 2011 traffic violation. During the booking process at the 19th District Town Hall Police Station, two female CPD officers told Vardalas to remove her hijab for her booking photograph. Vardalas explained the significance of her hijab and that removing it publicly would violate her

---

[2] Although Dart argued in his motion that qualified immunity protects him from Vardalas' claims for monetary relief, Dart has withdrawn that argument and so the Court does not address it in this opinion. Doc. 31 at 4.

[3] The Court takes the facts in the background section from Vardalas' complaint and presumes them to be true for the purpose of resolving Dart's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

faith. She also pointed to a flyer in the booking station area that indicated that arrestees could wear religious headwear for their booking photographs. Despite Vardalas' protestations, the officers insisted that she remove her hijab. After further pleading, officers allowed her to put her hijab back on and took a second set of photographs with it on. Both sets of photographs remain available to the public through public record requests and on third party websites.

On March 20, 2017, CPD transferred Vardalas to the Cook County Jail. Upon arrival, two female correctional officers booked and processed Vardalas. Again, the officers told her to remove her hijab in public prior to taking another photo. Distressed and humiliated, Vardalas explained the significance of her hijab and noted that she wore the hijab for both her driver's license and passport photographs. However, the officers demanded she remove the hijab, taking the photograph only after she did so. Much like the first set of booking photographs, the Jail booking photograph remains available to the public.

After taking the photograph, the officers instructed Vardalas to change into facility-issued clothing, including a short-sleeved shirt. The changing area offered no privacy, as male officers could access the area and watch her undress. After changing, Vardalas put on her hijab and a coat to cover her arms. But a female officer informed her that she could not wear her hijab or a coat during her detention. Vardalas made multiple requests to wear her hijab and long sleeves, all while explaining the requirements of her religious beliefs. The officers she spoke with all responded they would check with their superiors and get back to her, but she did not receive any accommodation during her detention. Rather, the officers refused to return Vardalas' hijab until she posted bond and was released from custody.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Where the defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

4

ANALYSIS

I.     Sufficiency of the RLUIPA Claim

RLUIPA prohibits prisons that receive federal funds from imposing a substantial burden on a prisoner's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means. *See* 42 U.S.C. § 2000cc-1(a); *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). Dart argues that, because Vardalas spent only less than a day in custody at the Jail, she cannot allege that the Sheriff's Office imposed a substantial burden on her religious beliefs under RLUIPA. Vardalas bears the initial burden of establishing that the Sheriff's Office's policies implicated and substantially burdened her religious exercise. *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). Although RLUIPA does not define "substantial burden," the Supreme Court has held that a substantial burden exists when a prison requires an inmate to "engage in conduct that seriously violates [her] religious beliefs." *Holt*, 574 U.S. at 361; *see also Jones v. Carter*, 915 F.3d 1147, 1149 (7th Cir. 2019) (standard for showing a "substantial burden" is "much easier to satisfy than [the Seventh Circuit's] former search for something rendering the religious exercise 'effectively impracticable'" (quoting *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015)).

Here, Dart asks the Court to find that the officers' orders that Vardalas not wear her hijab or cover her arms did not seriously violate her religious beliefs because the burden lasted only several hours. Dart cites to *Saleh v. Pfister* to support his argument, claiming that the court there recognized that a "one-time restriction" does not amount to a plausible RLUIPA violation. No. 18 C 1812, 2020 WL 2197838, at *3 (N.D. Ill. May 6, 2020). But no such bright-line rule exists, with courts instead recognizing that determining whether a burden is substantial "is ordinarily a question of fact" and a "relative term." *World Outreach Conference Ctr. v. City of Chicago*, 591

5

F.3d 531, 539 (7th Cir. 2009). And even the *Saleh* court later allowed the plaintiff's RLUIPA claim to proceed to discovery based on that same "one-time restriction," apparently in recognition of the fact that the question does not depend on the frequency of the restriction and instead remains a fact-bound inquiry. *Saleh v. Pfister*, No. 18 C 1812, 2021 WL 271233, at *4 (N.D. Ill. Jan. 27, 2021). Therefore, the length of Vardalas' detention and the limited nature of the conduct does not automatically foreclose her RLUIPA claim. *See Al-Kadi v. Ramsey Cnty.*, No. 16-2642, 2019 WL 2448648, at *10 & n.10 (D. Minn. June 12, 2019) (rejecting argument that single, isolated incident of a Muslim woman's head being uncovered in the presence of a man could not constitute a substantial burden and noting that the taking of a photograph of a Muslim woman without a hijab, if viewed numerous times, "goes well beyond an 'isolated incident'"). Instead, the Court finds that, at this stage, Vardalas has sufficiently alleged that the officers' conduct seriously violated her religious beliefs so as to proceed on her RLUIPA claim. *See Khatib v. Cnty. of Orange*, 639 F.3d 898, 907 (9th Cir. 2011) (Gould, J., concurring) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress. This is precisely the kind of 'mischief' RLUIPA was intended to remedy.").

## II. Availability of Injunctive Relief

This does not end the inquiry, however, because Dart also argues that Vardalas' requests for injunctive relief are largely moot. In addition to requesting monetary and declaratory relief, Vardalas' complaint includes the following specific requests for injunctive relief: (1) the destruction of all booking photographs taken without Vardalas' hijab; (2) the elimination of "all policies, practices and/ or customs that require incarcerees to remove religious head coverings for booking photos and while being detained at their facilities"; (3) the adoption of "policies that

require booking photographs to be taken with religious head coverings, so long as the face is visible for identification purposes"; (4) the adoption of "policies that permit incarcerees to wear religious coverings and long sleeves while being detained at their facilities;" and (5) "appropriate training for correctional officers regarding religious head coverings and related policies." Doc. 1 ¶ 64(a).

Dart argues that all but Vardalas' first request for injunctive relief are moot because she is no longer detained at the Cook County Jail and so is not in danger of experiencing the alleged violations again. *See Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009) (finding the plaintiff's requests for prospective relief moot where he did not remain in the defendants' custody and no reason existed to assume that he would return to their custody). In her response, Vardalas focuses only on her request for expungement of the booking photographs taken at the Cook County Jail, effectively conceding that the remaining claims for injunctive relief are moot. Indeed, nothing in the complaint suggests that Vardalas would again be subjected to the actions of which she complains in this case, and so the Court agrees that she cannot obtain the policy-related injunctive relief she seeks. This leaves only her request for expungement and deletion of the booking photographs as a proper objective of injunctive relief. *See Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986) ("[E]xpungement of personnel records[ ] is clearly prospective in effect[.]"); *Santiago v. Franklin*, No. 15 CV 1856, 2021 WL 952512, at *1–2 (N.D. Ill. Mar. 12, 2021) (courts may exercise their equitable powers to order the expungement of disciplinary records).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Dart's motion to dismiss the complaint [23]. The Court strikes the requests for injunctive relief against Dart in ¶ 64(a)(2)–(5) of the complaint.

Dated: September 2, 2021

_____
SARA L. ELLIS
United States District Judge